## DUNCAN v. TUFTS.

CHANGE OF VENUE:   *Payment of Clerk's fee:   Presumption on appeal.*

On appeal where the record shows only that an order for a change of venue was
made, and that thereafter the parties voluntarily submitted to trial in the court
in which the action was brought, it will be presumed that the order became in-
operative under sec. 6483 Mansf. Dig., which provides that it shall be void
if the Clerk's fee for transmitting the papers is not paid within fifteen days from
the granting of the order.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

James Tufts brought this action against T. B. Duncan
& Co. to recover the price of a soda-water apparatus which the
complaint states was made for the defendants and shipped to
them according to their order.    The answer of defendants
alleges that they were damaged to the amount of $60 by the act
of the plaintiff in substituting "copper fountains" for "cast-iron
fountains" which they ordered, and that they were damaged in
the further sum of $25 by the failure of the plaintiff to ship
the goods as early as he had agreed to.    Upon petition of de-
fendants an order was made changing the venue to Desha
County.    But there is nothing in the record to show that the
Clerk's fees were paid, or that any other step was taken under
the order, and the action was tried without objection in the
court in which it was brought.    The verdict and judgment
were for the plaintiff, and the defendant appealed.

Section 6482 Mansf. Dig. provides that " where an order
for a change of venue is granted, the Clerk shall make and file
with the papers a certified copy of all the orders in the case,
and, upon the payment of the transmission fees hereinafter
provided, shall transmit the papers in the case to the Clerk of
the court to which the venue is changed, by any safe and con-
venient mode which he may select,   *   *   *   for which he
shall receive ten cents per mile to and from said Clerk's office,

to be paid by the party obtaining the order, and to be taxcd in the costs."

Section 6483 is as follows: "If the above mentioned fee is not paid or arranged with the Clerk within fifteen days from the granting of said order, the order shall be null and void. *Provided*, That the Judge granting the order may extend the time of making such payment, which shall be stated in the order. *Provided, further*, That the adverse party, if he chooses, may make such payment." * * *

*N. T. White*, for appellant.

1. After the order for change of venue, the Jefferson Circuit Court had no jurisdiction. *Mansf. Dig., secs 6479 to 6484; 4 Ark., 163; 9 id., 479.* See, also, *37 Ark., 491.*

2. The court erred in its declarations of law.

*W. S. McCain* and *John W. Crawford*, for appellee.

1. The jurisdiction remained in the Jefferson Circuit Court until the conditions of the statute were complied with. By proceeding to trial without objection, the appellants waived the right to object now. See *37 Ark., 104; 48 id., 104; 31 id., 25; ib., 190; 44 id., 174.*

2. The cause was submitted to the jury upon proper instructions.

PER CURIAM. An order for a change of venue in a civil case is made upon the condition that the Clerk's fees shall be paid by the party in whose favor it is granted within fifteen days from granting the order. If a satisfactory arrangement is not made to pay the Clerk's fees within that time the order becomes void, and the court making it retains jurisdiction of the cause. *Haglin v. Rogers, 37 Ark., 491.* It is incumbent upon the appellant, who relies upon the failure of the jurisdiction of the court in which the order is made, to show affirmatively the facts which deprive it of jurisdiction, and where the record shows only that an order for a change of venue was made, and thereafter a voluntary submission to trial by the parties, it will be presumed that the

CHANGE OF
VENUE.

conditions upon which the order was made have not been complied with.

Under the issues made by the pleadings in this case, the only question for the jury's consideration was whether the defendant was entitled to a deduction from the amount sued for. The question was submitted to them under fair instructions from the court, upon conflicting evidence, and the jury found for the plaintiff.

Affirm.